IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eduardo Benavides, | C. A. No. 2:09-2996-JFA-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Harley Lappin, Director; R. Holto; Designation and Sentence Computation Center; Mary Mitchell; Oscar Acosta; Wanda Harrison; R. Kelso; K. Vinning; R. Blocker; Hector Lopez; W. Sweeting; J. Sullivan; J. Neal; L. Fuertes-Rosario; C. Clark; J. Hollett; and Unknowns, | |
| Defendants. | |

The pro se plaintiff brought this Bivens action seeking relief pursuant to Title 42, United States Code, Section 1983. On December 16, 2010, an order was entered directing the plaintiff to always keep the Clerk of Court advised in writing if his address changes for any reason, and failure to do so his case may be dismissed for violating this order.

On June 14, 2010, the defendants filed a motion to dismiss. By order of this court filed June 15, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. The plaintiff's response to the motion was due on July 19, 2010. The

1

plaintiff did not advise the court of a new address, but the Clerk of Court mailed the <u>Roseboro</u> order to the plaintiff's new address which was provided by the attorney for the defendants. Despite this explanation, the plaintiff elected not to respond to the motion and as mentioned, failed to advise the court of his new address.

Based on the plaintiff's multiple failures to follow court orders, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
July 29, 2010

**Notice of Right to File Objections to Report and Recommendation**

    The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

    Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

    **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).