UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eduardo Benavides, ) | C/A No. 2:09-2996-JFA-RSC |
| ) | |
| Plaintiff, ) | |
| vs. ) | ORDER |
| ) | |
| Harley Lappin, Director; R. Holto; Designation and Sentence Computation Center; Mary Mitchell; Oscar Acosta; Wanda Harrison; R. Kelson; K. Vinning; R. Blocker; Hector Lopez; W. Sweeting; J. Sullivan; J. Neal; L. Fuertes-Rosario; C. Clark; J. Hollet; and Unknowns, ) | |
| Defendants. ) | |

The *pro se* plaintiff, Eduardo Benavides, brings this action pursuant to 42 U.S.C. § 1983 challenging, among other things, his placement in a special housing unit at the Federal Correctional Institution (FCI) in Edgefield, South Carolina; the conditions of his confinement; and the results of his disciplinary proceedings while at FCI Edgefield. This action is considered a *Bivens* action since all the named defendants are federal entities or employees. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971).

The Magistrate Judge assigned to this action[1] has prepared a Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

Recommendation wherein he suggests that the court should dismiss this action for lack of prosecution. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The defendants filed a motion to dismiss on June 14, 2010 and the court advised the plaintiff in a *Roseboro* order of the importance of his adequate response to the motion. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Plaintiff did not respond. The computer docket in this case shows that the defendants mailed a copy of the motion to dismiss to the plaintiff at the FCI in Forrest City, Arkansas. Noting the new address on the defendants' certificate of service, the court mailed the *Roseboro* order to the plaintiff in Arkansas. The Clerk's office also confirmed with the BOP Inmate Locator that he was actually incarcerated in Arkansas and no longer at the FCI in Edgefield, South Carolina.

The plaintiff was also advised of his right to file objections to the Report and Recommendation, which was entered on the docket on July 29, 2010. The plaintiff filed a motion for an additional 90 days to file his response to the defendants' motion to dismiss. In addition, on the day this order was being prepared to send to the Clerk for docketing, the plaintiff filed objections to the Report wherein he merely reiterated the same reasons for wanting additional time to respond as he set forth in his motion for an extension of time.

The court allowed the plaintiff until September 15, 2010 to file a response to the motion to dismiss. However, no response was filed to the motion, nor were objections to the Report filed. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court adopts the Report and incorporates it herein. Accordingly, this action is dismissed with prejudice for lack of prosecution.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

February 7, 2011
Columbia, South Carolina

3